# Labaton Sucharow

Carol C. Villegas
Partner
212 907 0824 direct
212 907 0700 main
212 883 7524 fax
cvillegas@labaton.com

New York Office
140 Broadway
New York, NY 10005

June 8, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

RE: *Plumbers & Steamfitters Local 773 Pension Fund, et al.* v. *Danske Bank A/S, et al.*,
No. 1:19-cv-00235 (VEC)

Dear Judge Caproni:

On behalf of Plaintiffs in the above matter, we respectfully write in response to Defendant Danske Bank A/S's ("Danske Bank" or "the Bank") letter arguing that *Jackson* v. *Abernathy*, 2020 WL 2755690 (2d Cir. May 27, 2020), supports dismissing the Bank from this case. ECF No. 84. It does not.

The *Jackson* decision stands for the unremarkable proposition, espoused in *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 177 (2d Cir. 2015) (a case relied on by Plaintiffs in their Opposition (ECF No. 78, at 31-32), and cited by the Court in *Jackson*), that corporate scienter may be alleged by pointing to someone "whose intent [can] be imputed to the corporation." *Id.*

In *Jackson,* the court analyzed whether "general allegations of warnings" made by three employees to "unidentified" executives about a product problem imputed scienter to the corporation. 2020 WL 2755690, at *3.[1] The court found that while plaintiffs pleaded that three more junior employees knew about product problems and raised concerns, the employees themselves did not possess scienter, and plaintiffs' "general allegations" did not adequately allege scienter based on the unidentified officers who apparently failed to heed the warnings. *Id.* ("And while particularized allegations that senior officers ignored those employees' warnings could demonstrate that those officers acted fraudulently, Jackson's proposed amended complaint fails to make that showing."). Thus, the Second Circuit refused to reverse the District Court's denial of plaintiffs' motion to set aside the prior dismissal, based on this newly discovered evidence.

Here, Plaintiffs' case is about the cover-up of a multi-billion dollar money laundering scheme. Plaintiffs allege, and evidence exists, that, at multiple points throughout the Class Period, certain of the individual defendants themselves (who were members of Danske's Executive Board and Board

---

[1] The Second Circuit did not consider the other allegations that the more-junior employees conveyed information to a particular Individual Defendant, because Plaintiff "chose not to appeal" that portion of the District Court's decision. *Id.*

of Directors) and *whole groups at the Bank responsible for anti-money-laundering and compliance* were repeatedly warned – by law enforcement, by a whistleblower, and by the Bank's audit function – about the money laundering that was occurring.  *See* Pls.' Opp'n Br., ECF No. 78, at 28-33.  Thus here, unlike in *Jackson*, Plaintiffs plead scienter on behalf of the very individuals in senior management positions or on the Board who were alerted about the scheme, providing the "connective tissue" required by the Second Circuit.  2020 WL 2755690 at *4.  As such, the *Jackson* decision does not support the Bank's arguments against a finding of corporate scienter because Plaintiffs have "plead facts tending to show that senior executives must have known that the challenged statements were false."  2020 WL 2755690, at *1.

Respectfully submitted,

*/s/ Carol C. Villegas*
Carol C. Villegas
Labaton Sucharow

*/s/ David A. Rosenfeld*
David A. Rosenfeld
Robbins Geller Rudman & Dowd LLP

cc: All counsel of record (via ECF)